915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel D. LEWIS, Defendant-Appellant.
 No. 90-3072.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Daniel Lewis appeals his conviction for conspiracy to commit armed bank robbery, armed bank robbery, and carrying a firearm during a violent crime. Lewis makes several arguments on appeal: (1) evidence seized pursuant to an improper search warrant was improperly admitted; (2) FBI identification procedures were improperly suggestive; (3) the trial court improperly restricted cross-examination; and (4) there was insufficient evidence to support the verdict.
 
 
 2
 On March 15, 1989, the Star Bank in Columbus, Ohio, was robbed. The manager of the bank, Michael Parsons, testified that when he arrived at the bank that morning he was confronted by an armed man who exhibited knowledge of the bank security system and the bank employees. Parsons later identified defendant Daniel Lewis in a photo array as that armed man. On May 19, 1989, the Park National Bank in Newark, Ohio, was robbed. The robbery was conducted in a manner similar to the Star Bank robbery. Following Parsons' identification of defendant, the FBI obtained a warrant to search his house. The search revealed $18,388, mostly in consecutively numbered bills.
 
 
 3
 On July 13, 1989, Lewis was indicted on five counts relating to the two bank robberies. He was convicted on three of the counts, all relating to the robbery of the Park National Bank. The District Court declared a mistrial on the two counts on which the jury could not agree.
 
 
 4
 At trial, several witnesses identified defendant as one of the robbers of the Park National Bank. Another witness could not identify defendant, but did identify another person as one of the robbers. In addition, there was evidence that defendant had access to the security information needed to commit the robbery, and that he had recently made large cash purchases.
 
 
 5
 Defendant contends that the evidence obtained from the search of his residence should have been suppressed because the search warrant was improperly granted. The affidavit used to obtain the warrant stated that defendant had been identified by one of the witnesses. The warrant specifically provided for a search of defendant's residence for evidence of the robberies, including bank currency, bait money, and bank wrappers. Those materials were properly seized under the warrant. The agents did not need to provide a particular reason for searching defendant's home for evidence of the robberies. Defendant had been identified as the bank robber, and had ample opportunity to return to his home and deposit evidence there. That was enough to establish probable cause to believe that there was evidence of the robberies at his residence.
 
 
 6
 Defendant also argues that the agents acted improperly when they opened a safe during their search. This argument is without merit. The agents were searching pursuant to a proper warrant. "[A] warrant that authorizes an officer to search a home for [evidence] also provides authority to open closets, chests, drawers, and containers in which the [evidence] might be found." United States v. Ross, 456 U.S. 798, 821 (1982). The warrant specifically provided that money stolen from the banks was a target of the search. It was reasonable for the agents to suspect that the money might be in the safe. The agents had a valid search warrant that allowed them to search the premises, and also permitted them to open the safe. The evidence found pursuant to the search warrant was properly admitted.
 
 
 7
 Three witnesses, Carol Brunton, Richard Baker, and Tamarah Weiner, identified defendant from a photo array. A fourth witness, Linda Gray, did not identify defendant from the photo arrays, but did identify him in the courtroom. Defendant contends that the photo arrays were improper because the witnesses were shown them several times, and also because they were used instead of a line-up even after defendant was arrested. Defendant also claims that Gray's in-court identification was improperly admitted when she could not identify him in the photo array.
 
 
 8
 In his challenge of the photo arrays, defendant offers no evidence that the agents made any improper suggestions to the witnesses. It is not improper to show a photo array to a witness more than once. The circumstances surrounding the identifications, including the in-court identification, were not improper. The identifications were therefore properly admitted. "[T]he government is not required to conduct a line up" instead of a photo array. United States v. Causey, 834 F.2d 1277, 1286 (6th Cir.1987). Finally, Gray's in-court identification was properly admitted even though she had been unable to identify the defendant in a photo array. The failure of the witness to previously identify the defendant goes only to the reliability of her testimony, not to its admissibility. Id. Defendant had the right and opportunity to challenge the reliability of the testimony on cross-examination and closing argument. The reliability of the testimony is a determination to be made by the jury, not by this Court.
 
 
 9
 Under the confrontation clause, defendants must have sufficient opportunity to cross-examine the prosecution's witnesses. "The district court, however, must be afforded wide discretion to restrict the scope of cross-examination." United States v. Faymore, 736 F.2d 328, 334 (6th Cir.), cert. denied, 469 U.S. 868 (1984). Defendant did cross-examine the prosecution's witnesses about the possibility of misidentification. Specifically, defendant's counsel cross-examined one witness about her identification of another person, Bernard Turner, as one of the robbers. The evidence of the possible involvement of Turner was presented to the jury. The only questioning that the District Court prevented concerned the fact that charges had been brought against Turner and had been dropped. Defendant claims that the jury was therefore deprived of critical information.
 
 
 10
 The jury, however, was provided with the information concerning the witness' identification of Turner as one of the robbers. The District Court did not allow questioning about the dismissal of the charges against Turner because it determined that it was irrelevant. Even if that questioning was improperly excluded, the exclusion was harmless. Further information about the charges against the third party were not necessary for the jury to determine whether defendant had committed the robbery.
 
 
 11
 Finally, the defendant claims that there was insufficient evidence to convict him. The standard of review in determining the sufficiency of evidence is well established.
 
 
 12
 [T]his court must determine whether viewing the evidence and all reasonable inferences in the light most favorable to the government, a reasonable trier of fact could find evidence establishing each element of the crime beyond a reasonable doubt.
 
 
 13
 United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986).
 
 
 14
 Several witnesses identified the defendant as the robber, and money taken from the bank was found at the defendant's home. The defendant contends that the witnesses were mistaken in their identification, and that another person put the money in his safe. The jurors, however, chose not to believe defendant, and it was reasonable for them to do so. There was sufficient evidence to find that defendant had committed the robbery.
 
 
 15
 The District Court is accordingly AFFIRMED.